Timothy P. Dillon, Esq. (SBN 190839)
tdillon@dillongerardi.com
Sunjina K. Ahuja, Esq. (SBN 226130)
sahuja@dillongerardi.com
DILLON & GERARDI, APC
5872 Owens Avenue, Suite 200
Carlsbad, California 92008
Telephone: (858) 587-1800
Facsimile: (858) 587-2587

*Attorneys for Plaintiff, RUSSELL TORRISON*

John F. Bazan, Esq. (SBN 208509)
johnfbazan@yahoo.com
Bazan Huerta & Associates
5345 East Olympic Blvd.
Los Angeles, California 90022
Telephone: (323) 725-7193
Facsimile: (323) 725-7183

*Attorneys for Defendant, ALL IN MEDIA, LLC*

Kasey Thompson
kasey@allinmagazine.com
3104 E. Camelback Road, #812
Phoenix, Arizona 85016

*In Pro Per*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| EDWIN RUSSELL TORRISON, a.k.a. RUSSELL TORRISON, an individual,<br><br>Plaintiff,<br><br>vs. | Case No.: CV12-6939-ODW (MRWx)<br><br>**STIPULATION FOR DISMISSAL AND [PROPOSED] ORDER THEREON** |

CV12-6939-ODW (MRWx)

1  KASEY THOMPSON, an individual,
   KST HOLDINGS, LLC, a Nevada
2  limited liability company; ALL IN
   MEDIA, LLC, a United States business
3  entity of unknown origins, and DOES 1
   through 10, inclusive,
4

5

6                    Defendants.

7

FPTC:              August 25, 2014
Trial:             September 16, 2014
Courtroom:         1
District Judge:    Otis D. Wright, II
Magistrate Judge:  Michael Wilner


Complaint Filed: August 10, 2012



STIPULATION FOR DISMISSAL AND [PROPOSED] ORDER THEREON

1       IT IS HEREBY STIPULATED by and between Plaintiff, Edwin Russell Torrison

2   on the one hand and Defendants, Kasey Thompson and All In Media, LLC (collectively,

3   the "Parties") on the other hand as follows:

4       1)    That pursuant to the Settlement Agreement and Mutual Release (the

5   "Settlement Agreement") attached hereto as Exhibit "A", the Parties have settled the

6   instant litigation in its entirety;

7       2)    That the instant action should be dismissed without prejudice pursuant to

8   FRCP 41(a)(1); and

9       3)    That the Court shall retain jurisdiction to enforce the Settlement Agreement,

10  and, should the Settlement Agreement be defaulted on, to enter the Stipulation for Entry

11  of Judgment attached to the Settlement Agreement.

13  Dated: October 10, 2014

Respectfully Submitted;
DILLON & GERARDI, APC

15  *s/ Sunjina Ahuja*

Sunjina Ahuja, Esq.
16  sahuja@dillongerardi.com
Attorney for Plaintiff,
17  EDWIN RUSSEL TORRISON a.k.a.
18  RUSSELL TORRISON

20  Dated: October 10, 2014

Respectfully Submitted;
BAZAN HUERTA & ASSOCIATES

22  *s/ John F. Bazan*

John F. Bazan, Esq.
23  johnfbazan@yahoo.com
Attorney for Defendant,
24  ALL IN MEDIA, LLC

25  ***[Signatures continued to the next page]***



1 | Dated: October 10, 2014

Respectfully Submitted;
KASEY THOMPSON

*Kasey S. Thompson*

Kasey Thompson
kasey@allinmagazine.com
In Pro Per



STIPULATION FOR DISMISSAL AND [PROPOSED] ORDER THEREON

1
2

## [PROPOSED] ORDER

3      Having considered the Parties stipulation, the Court hereby orders the following:

4      1)      The Court incorporates the Settlement Agreement of the Parties by this
5 reference;

6      2)      The instant lawsuit shall be dismissed without prejudice; and

7      3)      The Court shall retain jurisdiction over this matter for the purposes of
8 enforcing the Settlement Agreement and, should the Settlement Agreement be
9 defaulted on, to enter judgment based upon the Stipulation for Entry of Judgment.

10      **IT IS SO ORDERED.**

11

12 Date: October ___, 2014      _____

13      OTIS D. WRIGHT, II
       United States District Judge

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made as of September __, 2014 by and between Edwin Russell Torrison ("Torrison") on the one hand, and Kasey Thompson, individually, KST Holdings, LLC and All In Media, LLC (collectively, the "Thompson Parties") on the other hand (the Torrison and the Thompson Parties shall be sometimes collectively referred to as the "Parties" or individually as "Party") with reference to the following facts:

## RECITALS

A.     The Parties are currently involved in a litigation (*Torrison v. Thompson* C.D. Cal. Case No. CV12-6939-ODW (MRWx)) wherein Torrison alleges claims against the Thompson Parties for breach of contract and common counts (the "Dispute").

B.     The Parties desire to settle the Dispute for a consideration of $300,000 paid by the Thompson Parties to Torrison. Provided however, the Parties mutually agree to discount the consideration of $300,000 to $150,000 if the payment of $150,000 is timely made in accordance with the payment schedule set forth below.

C.     This Agreement is entered into to resolve the Dispute and any and all claims existing between the Parties (whether known or unknown) and is intended to fully and finally resolve the claims the Parties have through the date of execution of this Agreement, in accordance with the terms and conditions set forth herein.

NOW THEREFORE, the Parties hereto hereby resolve and finally compromise and settle all claims set forth in these Recitals.

## TERMS AND CONDITIONS

1.     **Representations and Warranties.** Thompson on behalf of the Thompson Parties represents, warrants and covenants that: (i) Each entity is duly organized, validly existing and in good standing under the laws of California and is duly qualified, licensed and authorized to do business in the State of California; (ii) Each has full corporate power and authority to execute and deliver this Agreement and the other agreements and instruments to be executed and delivered by it pursuant hereto and to consummate the transactions contemplated hereby and thereby; (iii) all corporate acts and other proceedings required to be taken by or on the part of each entity, including, if necessary, all appropriate stockholder action, to authorize it to carry out this Agreement and such other agreements and instruments and the transactions contemplated hereby and thereby have been duly and properly taken; and (iv) this Agreement has been duly executed and delivered by each and constitutes, and such other agreements and instruments when duly executed and delivered by each will constitute, legal, valid and binding obligations of each and will be enforceable in accordance with their respective terms.

2.      **Consideration.**

a.      In addition to the financial covenants described herein, the Thompson Parties shall execute concurrently with this Agreement a Stipulation For Entry of Judgment ("Stipulation") in the form and content of Exhibit "A" attached hereto.  Torrison may file the Stipulation upon the Thompson Parties' failure to make any payments provided for in the schedule below.  The Parties stipulate and agree that the Central District Court of California shall maintain jurisdiction to specifically enforce the terms of this Agreement and, if appropriate, enter judgment via the Stipulation upon it.

b.      The Thompson Parties shall execute a Stipulation for Entry of Judgment of $300,000 in the form attached hereto as Exhibit "A" (the "Stipulation").  Torrison agrees to hold, but not file, the Stipulation unless the Thompson Parties default on the payment schedule described herein below.  In the event of default, the 50% discount on the settlement amount will no longer apply and the total settlement amount of $300,000 will be reinstated and will be reflected in the Stipulated Judgment.

c.      The Thompson Parties, in order to avoid the reinstatement of the full settlement amount and the entry of the Stipulation as a final judgment, shall make payments in accordance with the following schedule:

| Date | Amount |
| --- | --- |
| October 1, 2014 | $30,000 |
| February 1, 2015 | $5,625 |
| March 1, 2015 | $5,625 |
| April 1, 2015 | $5,625 |
| May 1, 2015 | $5,625 |
| June 1, 2015 | $5,625 |
| July 1, 2015 | $5,625 |
| August 1, 2015 | $5,625 |
| September 1, 2015 | $5,625 |
| October 1, 2015 | $6,250 |
| November 1, 2015 | $6,250 |
| December 1, 2015 | $6,250 |
| January 1, 2016 | $6,250 |
| February 1, 2016 | $6,250 |
| March 1, 2016 | $6,250 |
| April 1, 2016 | $6,250 |
| May 1, 2016 | $6,250 |
| June 1, 2016 | $6,250 |
| July 1, 2016 | $6,250 |
| August 1, 2016 | $6,250 |
| September 1, 2016 | $6,250 |
| **TOTAL:** | **$150,000.00** |

d.      All payments shall be made by wire transfer in accordance with the

following wire transfer instructions:

**ACCOUNT NUMBER 409344020**
**ROUTING NUMBER 322271627**
**SWIFT # CHASUS33 = ONLY INTERNATIONAL**
**FINANCIAL INSTITUTION INFORMATION:**
JPMORGAN CHASE BANK, N.A.
CARLSBAD PLAZA BRANCH
2580 EL CAMINO REAL
CARLSBAD, CA 92008
Ph: (760) 729-0918
Fx: (760) 729-0518

       e.      The Thompson Parties are provided with a fifteen (15) day grace period in which to cure any failure to pay the amounts stated hereinabove. Five days following the payment date, Torrison, via counsel may provide notice of the default via email to kasey@allinmagazine.com and johnfbazan@yahoo.com. In the event any payment is not made on the date specified in the above payment schedule and not cured within the fifteen (15) day grace period, Torrison shall then be entitled to file the Stipulation and request the Court enter judgment against All In Media, LLC and Thompson in the amount of $300,000 less payment made by the Thompson Parties.

       f.      Upon execution of the instant Agreement and Exhibit "A" attached hereto, Torrison shall cause a dismissal without prejudice to be entered with the Court presiding over the instant dispute with regard to All In Media, LLC and Thompson and all Parties agree to cooperate with a dismissal that allows the court to retain jurisdiction to enforce the instant Agreement, enter judgment based on the instant Agreement and/or enter the Stipulation as a final judgment.

       g.      Upon full payment of the amounts described herein, Torrison shall file a satisfaction of judgment as to the judgment against KST Holdings, LLC.

       h.      <u>Release</u>.

       a.      Except as provided herein, each Party, on behalf of himself or itself and his or its successors, officers, directors, administrators, representatives, insurers, agents and assigns hereby releases and forever discharges the remaining Parties, their predecessors, successors, parents, subsidiaries, and affiliates and all present and former officers, directors, partners, principals, employees, attorneys, insurers, agents and their respective administrators, representatives, spouses, heirs, agents and assigns from any and all claims, and causes of action alleged in the Recital and any other claim they have, whether currently known or unknown, foreseen or unseen, suspected or unsuspected.

       b.      It is understood and agreed that, except as provided herein, this Agreement shall constitute a broad general release by the Parties against the

others and shall be effective as a full and final accord and satisfaction, and as a bar to all actions, causes of action, costs, expenses, claims for sanctions, attorneys' fees, and damages, including claims now pending in any action, indemnity or contribution by any Party, or their counsel, or any other claims or liabilities whatsoever, whether or not now known, suspected, claimed or concealed that are related to any action or claim.   This general release includes but is not limited to any and all claims, causes of action, damages or accounts that now exist or may exist in the future arising out of any matters, agreements, omissions, representations made, money due, money paid, or any other relationship between the Parties at any time prior to the date hereof.  It is the intention of all Parties to fully discharge and release the remaining Parties with respect to any and all matters, claims, causes of action, contracts or expenses arising from any matter.    Each Party acknowledges that it is familiar with Section 1542 of the California Civil Code which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

c.  Except as provided herein, the Parties expressly waive and relinquish any and all rights and benefits which it may have under, or which may be conferred upon him by the provisions of Section 1542 of the California Civil Code, as well as under any other similar state or federal statute or common law principle, to the fullest extent that they may lawfully waive such rights or benefits.

d.  In connection with their waiver and relinquishment set forth in the previous paragraphs, the Parties acknowledge that he or it is aware that he or it may hereafter discover claims or facts in addition to or different from those which he, she or it now knows or believes to exist with respect to the subject matter of this Agreement, but it is his or its intention to fully, finally and forever settle and release all of the disputes and differences known or unknown, suspected or unsuspected which do now exist, may exist in the future or have ever existed between the Parties. In furtherance of such intention, the Parties agree that this Agreement shall remain in effect as a full and complete settlement.

e.  Notwithstanding the remainder of this section, any claims related to the judgment against KST Holdings, LLC are not released or relinquished in any matter whatsoever by Torrison until full payment of the amounts described in this Agreement are paid to Torrison.  However, Torrison agrees to forego collection on the judgment while timely payments are being made by the Thompson Parties.

3.  **Construction of Agreement.** This Agreement constitutes the full and entire understanding and agreement of the Parties with regard to the subject matter hereof and any prior oral and/or written agreement, understanding, or representation concerning the same is hereby terminated and cancelled in its entirety and is of no

further force and effect.  The Parties cannot alter and/or modify this Agreement except by an instrument in writing executed by each of them.  This Agreement includes all of the representations of every kind and nature made by the Parties, one to the other.

4.    **Governing Law and Jurisdiction.**  This Agreement shall be construed pursuant to the laws of the State of California.  Any breach of this Agreement shall be resolved pursuant to the exclusive jurisdiction of San Diego County, California.

5.    **No Assignment of Interest.**  The Parties hereto represent and warrant to each other Party that he or it has not encumbered, assigned or transferred or purported to encumber, assign or transfer, in whole or in part, to any person, firm or corporation whatsoever, any claim, debt, liability, demand, obligation, cost, expense, damage, action or cause of action herein released, settled or dismissed, except as otherwise provided herein.

6.    **Entire Agreement and Binding Effect.**

a.    This Agreement, and the attached exhibits, constitute the complete and entire written agreement of compromise, settlement and release between the Parties and constitutes the complete expression of the terms of the settlement.  All prior and contemporaneous agreements, representations, and negotiations with respect to the subject matter herein are superseded and merged herein.

b.    The terms of this Agreement can only be amended or modified by a writing, signed by duly authorized representatives of all Parties expressly stating that such modification or amendment is intended.

c.    This Agreement shall inure to the benefit of and shall be binding upon the Parties hereto and their respective heirs, executors, successors and assigns.

7.    **Attorney Fees.**

a.    Each party to this Agreement waives all attorneys' fees, sanctions and costs as against the other parties incurred or awarded up through the date of this Agreement.   Further, this Agreement shall not be deemed as an admission by any of the parties to the claims asserted against such party by any of the other parties hereto and each such claims is hereby deemed expressly denied and shall not be deemed admitted through execution of this Agreement.

b.    In the event litigation or arbitration is instituted to interpret or enforce this Agreement, the party prevailing therein shall be entitled to reasonable attorneys' fees and costs in addition to any other relief granted.

8.     **Representation Agreement Reviewed By Independent Counsel.**
The Parties hereto represent and warrant to the other that they have had the
opportunity to review this Agreement with independent counsel or have the requisite
experience in which to understand the meaning of the terms set forth herein.

9.     **Confidentiality Clause.** Except as is necessary to the consummation
of the transactions under this Agreement, for the purposes of enforcing this
Agreement, or for the purposes of filing the Stipulation or for the purposes of seeking
entry of final judgment, each person or entity executing this Agreement shall
maintain a strict confidentiality of the material terms of the Agreement with respect
to the settlement of the Dispute. Each person or entity executing this Agreement may
(a) disclose to each person's or entity's respective legal counsel and accountants the
existence and terms of this Agreement and (b) comply with any legal obligation
which requires such person or entity to disclose this Agreement, the terms of this
Agreement, and/or any transactions contemplated by this Agreement, provided that
each such person or entity uses reasonable good faith efforts to disclose no more than
is reasonably required to be disclosed by such legal obligation.

10.    **Effect of Ambiguity.** In the event of any ambiguity or dispute
regarding the interpretation of this Agreement, the interpretation of this Agreement
shall not be resolved by any rule of interpretation providing for interpretation against
the party who causes the uncertainty to exist or against the draftsman.

11.    **Severability.** If any portion or any part of any provision of this
Agreement shall for any reason be held to be invalid, unenforceable or contrary to
public policy or any law, then the remainder of this Agreement shall not be affected
thereby and shall remain in full force and effect.

12.    **Effective Date.** The parties hereto deem this Agreement to be
immediately effective as of the latest day, month and year on which a party executes
this Agreement.

6

13. **Counterparts and Facsimile Copies.** This Agreement may be executed in counterparts and all so executed shall constitute one agreement which shall be binding upon all parties hereto, notwithstanding that the signature of the parties' designated representatives do not appear on the same page. Facsimiles copies shall have the same force and affect as original copies.

ALL IN MEDIA, LLC

Dated: _____

_____
Kasey Thompson, an authorized agent of All In Media, LLC

Dated: _____

_____
Kasey Thompson, an authorized agent of KST Holdings, LLC

Dated: _____

_____
Kasey Thompson, individually

Dated: _25 Sept 2014_

_____
Edwin Russell Torrison, individually

13.    **Counterparts and Facsimile Copies.**  This Agreement may be executed in counterparts and all so executed shall constitute one agreement which shall be binding upon all parties hereto, notwithstanding that the signature of the parties' designated representatives do not appear on the same page.  Facsimiles copies shall have the same force and affect as original copies.

ALL IN MEDIA, LLC

Dated: 9-26-14

Kasey Thompson, an authorized agent of All In Media, LLC

Dated: 9-26-14

Kasey Thompson, an authorized agent of KST Holdings, LLC

Dated: 9-26-14

Kasey Thompson, individually

Dated: _____

Edwin Russell Torrison, individually

7

# EXHIBIT "A"

1  Timothy P. Dillon, Esq. (SBN 190839)
2  tdillon@dillongerardi.com
   Sunjina K. Ahuja, Esq. (SBN 226130)
3  sahuja@dillongerardi.com
4  Members of DILLON & GERARDI, APC
   4660 La Jolla Village Drive, Suite 1040
5  San Diego, CA 92122
   Telephone: (858) 587-1800
6  Facsimile: (858) 587-2587
7
8  Attorneys for Plaintiff, RUSSELL TORRISON

9              UNITED STATES DISTRICT COURT
10
    FOR THE CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION
11
12  EDWIN RUSSELL TORRISON, a.k.a.        Case No.: CV12-6939-ODW (MRWx)
13  RUSSELL TORRISON, an individual,      Complaint Filed: August 10, 2012
14
                                          STIPULATION FOR ENTRY OF
15                     Plaintiff,         JUDGMENT AND [PROPOSED]
                                          JUDGMENT THEREON
16         vs.
17
18  KASEY THOMPSON, an individual,
    KST HOLDINGS, LLC, a Nevada
19  limited liability company; ALL IN
    MEDIA, LLC, a United States business
20  entity of unknown origins, and DOES 1
    through 10, inclusive,
21
22
                                          District Judge: Hon. Otis D. Wright, II
23                  Defendants.           Magistrate Judge: Hon. Michael Wilner
24
25
26
27
28
                                                        CV12-6939-ODW (MRWx)

IT IS HEREBY AGREED AND STIPULATED between Edwin Russell Torrison the one hand (the "Plaintiff"), and Kasey Thompson and All In Media, LCC (identified collectively as the "Defendants") on the other hand (collectively, the Defendants and the Plaintiff shall be referred to as the "Parties") as follows:

That judgment be entered in favor of Plaintiff, and against Defendants in the sum of $300,000, plus interest, less any previous payments as discussed herein below.

IT IS FURTHER STIPULATED:

1.      This Stipulation for Entry of Judgment (this "Stipulation") is being entered into pursuant to the terms of Settlement Agreement and Mutual Release (the "Settlement Agreement and Release") executed on September 26, 2014.  Plaintiffs shall hold, but not file this Stipulation as long as Defendants have not defaulted on any payments as stated in Paragraph 3 below.

2.      Should the Defendants successfully repay the amount described in Paragraph 3, without causing Plaintiffs to enter said judgment pursuant to this Stipulation, Plaintiff will refrain from filing the instant Stipulation.

3.      This Stipulation shall be considered satisfied in full upon payment to Plaintiff of the payments described in the terms of the Settlement Agreement and Release. All payments shall be made pursuant to the Settlement Agreement and Release.

4. The parties herein agree that any judgment rendered upon the Stipulation shall become final for all intents and purposes and that Defendants hereby waive any right to contest the judgment and further waives any right to move to set the judgment aside, otherwise attack the validity thereof, or appeal therefrom, with the exception that Defendants are entitled to provide evidence of payments and communications regarding payment.

IT IS FURTHER STIPULATED that by the authorized signatures below, the parties to this Stipulation for Entry of Judgment hereby authorize the Court that in the event of any default in payments, as referenced above, the Court may retain jurisdiction to enter judgment in the amount stated

1   in this Stipulation, less any payments previously made by Defendants, as referenced above.

2       IT IS FURTHER STIPULATED that the parties also hereby agree to and do waive all statutes

3   of limitations and/or any other legal impediment or bar to this Court taking jurisdiction again of this

4   case under the circumstances set forth above.

5

6       PLAINTIFF:

7

8

9   Edwin Russell Torrison

10       DEFENDANTS:

11

12   | | All In Media, LLC |
13   | | |
14   | Kasey Thompson | By:  Kasey Thompson |
15   | | Its:  authorized agent |

16   **APPROVED AS TO FORM:**

17   | Dillon & Gerardi, APC | Bazan Huerta & Associates |
18   | | |
19   | By: _____ | By: _____ |
20   | Timothy P. Dillon, Attorney for Plaintiff, Edwin Russell Torrison | John Bazan, Attorney for Defendant, All In Media, LLC |

21

22

23

24

25

26

27

28

1

2
## JUDGMENT

3
    Based upon the evidence before the Court, including the facts stipulated herein, Plaintiffs shall

4

5
be awarded judgment against Kasey Thompson and All In Media, LLC, in the amount of

6
$_____.

7

8
Dated: _____

9
                                             JUDGE OF THE U.S. DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    in this Stipulation, less any payments previously made by Defendants, as referenced above.

2        IT IS FURTHER STIPULATED that the parties also hereby agree to and do waive all statutes

3    of limitations and/or any other legal impediment or bar to this Court taking jurisdiction again of this

4    case under the circumstances set forth above.

5

6        PLAINTIFF:

7

8    _____

9    Edward Russell Torrison

10       DEFENDANTS:

11

12   |                                  | All In Media, LLC                |

13

14   Kasey Thompson                       By:  Kasey Thompson
                                          Its:  authorized agent
15

16   **APPROVED AS TO FORM:**

17   Dillon & Gerardi, APC                Bazan Huerta & Associates

18

19   By: _____        By: _____
         Timothy P. Dillon, Attorney for Plaintiff,    John Bazan, Attorney for Defendant,
20       Edwin Russell Torrison                         All In Media, LLC

21

22

23

24

25

26

27

28

1    in this Stipulation, less any payments previously made by Defendants, as referenced above.

2       IT IS FURTHER STIPULATED that the parties also hereby agree to and do waive all statutes

3 of limitations and/or any other legal impediment or bar to this Court taking jurisdiction again of this

4

5 case under the circumstances set forth above.

6       PLAINTIFF:

7

8

9    Edward Russell Torrison

10       DEFENDANTS:

11

12

13

14    Kasey Thompson                 All In Media, LLC

By:   Kasey Thompson

Its:   authorized agent

15

16 **APPROVED AS TO FORM:**

17 Dillon & Gerardi, APC            Bazan Huerta & Associates

18

19 By: _____        By: _____

      Timothy P. Dillon, Attorney for Plaintiff,     John Bazan, Attorney for Defendant,

20       Edwin Russell Torrison                  All In Media, LLC

21

22

23

24

25

26

27

28